UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:19CV-P8-TBR

**DESTIL EUGENE TROXELL**                                                    **PETITIONER**

v.

**ANDY BRAESHEAR COMMISSIONER** *et al.*                   **RESPONDENTS**

**MEMORANDUM OPINION**

Petitioner Destil Eugene Troxell, proceeding *pro se*, initiated the instant action by filing a motion, which he captioned as a "Motion of Writ of Mandamus and Injunctive Relief" (DN 1). The Court construes the motion as a petition for writ of mandamus. For the reasons that follow, the instant action will be dismissed for lack of subject-matter jurisdiction.

**I.**

Petitioner, an inmate at the Kentucky State Penitentiary, names as Respondents the following individuals: Andy Braeshear, identified as a "Commissioner"; DeEdra Hart, Warden; Philip Morgan, a judge; Larry Rogers, identified as "Commonwealth"; Ralph Minyard, identified as "police"; Dester McKinley, a detective; and Matthew Leveridge, Commonwealth Attorney.

Petitioner states that he moves for relief pursuant to "CR 81, Ky. Const. § 2, and all other applicable law, to issue an order granting Writ of Mandamus with Emergency Injunctive Relief, by directing the defendants to grant him a [new] fair and impartial trial, or in the alternative grant an evidentiary hearing in the matter." (Brackets used by Petitioner). He requests the Court to enter an order to Respondents as follows:

> to make the Plaintiff's Indictment, Conviction, and Sentence "void" because the Courts decision is, it relied upon "false, fictious and fraudulent information" contained in the Wayne County Police reports, when Witnesses Rose and Tucker

> knowingly and willingfully gave []false, fictious and fraudulent information to the Wayne County Police Department in order to convict, and sentence an innocent man of crimes he did not do!

He states that in his case in state court, identified as case number 85-CR-108, "There is no Indictment, Information or Warrants in this case to convict an truly Innocent man of Murder that he did not do!"

Petitioner asserts, "This case should be dismissed and Destil Eugene Troxell should be released from prison or to the least at this time an investigation should be ordered and a new trial if all possible to show Destil Eugene Troxell's case that he is truly innocent!"

## II.

It is axiomatic that federal district courts are courts of limited jurisdiction. "As courts of limited jurisdiction, federal courts may exercise only those powers authorized by the Constitution and statute." *Fisher v. Peters*, 249 F.3d 433, 444 (6th Cir. 2001). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Under Fed. R. Civ. P. 81(b), the writ of mandamus has been abolished. "Relief previously available through [writs of mandamus] may be obtained by appropriate action or motion under these rules." Fed. R. Civ. P. 81(b). "[U]nder 28 U.S.C. § 1651 (All Writs Statute) federal courts may issue all writs necessary or appropriate in aid of their respective jurisdictions, including writs in the nature of mandamus." *See Haggard v. Tennessee*, 421 F.2d 1384, 1385 (6th Cir. 1970). However, "[i]t is settled that a federal court has no general jurisdiction to issue writs of mandamus where that is the only relief sought." *Id.* at 1386. Such is the case here. Petitioner seeks only mandamus relief. "In the absence of special statutory authority[, a federal court] can issue writs of mandamus only as ancillary to and in aid of jurisdiction otherwise

2

vested in it." *Id*. While 28 U.S.C. § 1361 gives the district courts "original jurisdiction of any action in the nature of mandamus to compel an *officer or employee of the United States or any agency thereof* to perform a duty owed to the plaintiff" (emphasis added), Petitioner asks this Court to compel state officials to perform an act. None of the Respondents is an officer, employee, or agency of the United States.

Therefore, Petitioner has failed to demonstrate this Court's subject-matter jurisdiction, and the instant action will be dismissed by separate Order.

Should Petitioner wish to challenge his conviction by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254, the Clerk of Court is **DIRECTED** to send him a Court-approved § 2254 petition form.

Date: February 13, 2019

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc: Petitioner, *pro se*
    Respondents
4413.010